# NO. 12-10-00023-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

§

IN RE: ANGELA STINSON,        §    *ORIGINAL PROCEEDING*
RELATOR

§

*MEMORANDUM OPINION*

Relator Angela Stinson seeks a writ of habeas corpus alleging that she is illegally restrained by an order enforcing her child support obligation by contempt. We grant the petition and order her released from community supervision.

The Attorney General for the State of Texas moved to enforce Stinson's child support obligation. The trial court found Stinson in constructive contempt for violating her child support obligation, ordered her confined, suspended her sentence, and placed her on community supervision.

Stinson raises several challenges to the trial court's order. She first argues that the motion for enforcement fails to provide adequate notice to support the contempt order and the order is void on its face. She alleges, and the record reflects, that both state that the September 2009 order required Stinson to pay $0 after September 2009, (2) the motion fails to allege any specific violation after September 2009, but (3) the order finds Stinson in contempt for failing to pay $165 in the three months following September 2009.

A motion for enforcement must identify the provision of the order allegedly violated. TEX. FAM. CODE ANN. § 157.002(a)(1) (Vernon 2008). The motion for enforcement here specifically stated that Stinson had no child support obligation after September 2009 and did not allege any specific violation of the order after September 2009.[1] The enforcement order must also state the provisions of the order for which enforcement has been requested, the acts or omissions that are the subject of the order, and the manner of noncompliance. *Id*. § 157.166(a)(1)–(3) (Vernon 2008). The order

---

[1] The Attorney General does not agree that Stinson had no child support obligation after September 2009.

states that the September 2009 order requires $0 to be paid monthly in support, but finds Stinson in contempt for not paying $165 in October, November, and December 2009. Consequently, the trial court found violations of a support obligation that it had earlier found not to have been ordered.

The Attorney General concedes that the constructive contempt order and the commitment and community supervision orders founded on it are void. The Attorney General concedes further that this court should grant habeas relief on this basis. We agree. Accordingly, we grant Stinson's petition for writ of habeas corpus and order her released from community supervision. Because they are not necessary to the disposition of this proceeding, we need not address Stinson's remaining arguments. *See* TEX. R. APP. P. 47.1.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 25, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

2

# ORDER

## AUGUST 25, 2010

## NO. 12-10-00023-CV

## IN RE: ANELA STINSON,
## RELATOR

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of habeas corpus filed by **ANGELA STINSON**, who is the relator in Cause No. 03-2573-D, pending on the docket of the 321st Judicial District Court of Smith County, Texas. Said application for writ of habeas corpus having been filed herein on January 26, 2010, and the same having been duly considered, because it is the opinion of this Court that the petition for writ of habeas corpus is meritorious, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of habeas corpus be, and the same is, **GRANTED AND ANGELA STINSON IS ORDERED RELEASED FROM COMMUNITY SUPERVISION**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*